IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN MERRITT** | : | **CIVIL ACTION** |
| **a.k.a. JEFFREY WILLIAMS** | : | |
| v. | : | |
| **JAMES WYNDER** | : | **NO. 08-cv-0471** |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from this state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the ***only*** possible means of obtaining this type of relief from state custody. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

In cases involving prisoners in state custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. §2254 (in some factual situations), or by means of 28 U.S.C. §2241 (in other factual situations). Relief pursuant to 28 U.S.C. §2254 for a petitioner who is in state custody is limited by the terms of 28 U.S.C. §2254 itself to a

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court.

***constitutional***[2] attack on the imposition, ***and/or*** the execution,[3] of a state conviction and/or a state sentence, which may only be filed after the state conviction has been imposed.[4]

Because in federal jurisprudence, a more specific statute takes precedence over a more general statute, and because §2254 is more specific than §2241, a state prisoner may only rely on §2241 if the matter does not fall under §2254.[5] A grant of relief pursuant to 28 U.S.C. §2241 in cases involving state custody is therefore limited to an attack on state custody that is constitutional in nature, and that is made before the imposition of the state conviction.

On January 24, 2008, petitioner filed a petition in this court, labeled 08-cv-0471 by the Clerk of this Court, purportedly seeking Habeas Corpus relief under both 28 U.S.C. §2241 and 28 U.S.C. §2254, which the Clerk of this Court classified as a 28 U.S.C. §2241 action. In this petition, petitioner raises two claims that allegedly justify such relief, namely:

1. that the Pennsylvania State Constitutions of 1790, 1838, 1871, 1873 and

---

[2] Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency. Herrera v. Collins, 506 F.3d 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[3] Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[4] Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[5] Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

      1968 were allegedly enacted in violation of the United States Constitution, and therefore, not only these various Pennsylvania State Constitutions, but all laws enacted pursuant to them, including the laws petitioner was convicted of having violated, are allegedly unconstitutional, allegedly mandating petitioner's release from state custody.

2.      that various provisions of the Pennsylvania Rules of Criminal Procedure, most specifically those related to "venue" and "jurisdiction," are allegedly contrary to provisions of the United States Constitution, and are therefore allegedly unconstitutional, mandating petitioner's release from state custody.

These are clearly claims that the rights guaranteed to petitioner pursuant to the Fifth and Fourteenth Amendments to the United States Constitution have been violated. This petition seeks the type of relief that is only available pursuant to 28 U.S.C. §2254, and not pursuant to 28 U.S.C. §2241. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

Pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this court may not re-characterize such a document as a 28 U.S.C. §2254 petition without first:

1.      notifying the petitioner that the court believes it is really a §2254 petition purporting to be something else; ***and***,

2.      warning the petitioner of all of the ramifications of AEDPA, including, but not limited to:

    A.    the strict and short AEDPA statute of limitations;[6] and
    B.    the so-called second or successive rule created by AEDPA, which generally prohibits a petitioner from filing more that one civil action pursuant to AEDPA;[7]

---

[6] The fact that relief pursuant to 28 U.S.C. §2254 may possibly be barred pursuant to AEDPA's statute of limitations does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.

[7] We note that this is petitioner's first habeas petition in this court, therefore the second or successive rule is not relevant here; however, it is still important that petitioner be aware of its existence in the future.

          ***and***,

    3.    getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2254 petition; ***and***,

    4.    informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that petitioner consents to the aforesaid re-characterization, then pursuant to Local Civil Rule 9.3(b), and Rule 2 of the Rules Governing 28 U.S.C. §2254 Proceedings in the United States District Courts, this petition was not filed with the requisite <u>current</u> standard 28 U.S.C. §2254 form, prescribed by this court, effective December 1, 2004. Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2254 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to <u>USA v. Thomas</u>, 221 F.3d 430 (3rd Cir. 2000) (which relates to the *strict* and *short* statute of limitations that exists for filing a 28 U.S.C. §2254 petition); and <u>Mason v. Meyers</u>, 208 F.3d 414 (3rd Cir. 2000) (which relates to the *strict* restrictions on filing a second or successive 28 U.S.C. §2254 petition) (these specific <u>Thomas</u> and <u>Mason</u> warnings are contained in the introductory text of this court's aforesaid current standard §2254 form). Whereas all district courts within the Third Circuit are required to give petitioners in §2254 cases these <u>Thomas</u> and <u>Mason</u> warnings at the time of filing, this court cannot "waive" the form requirements of Local Civil Rule 9.3(b).

    Accordingly, this                          Day of February, 2008, it is hereby **ORDERED** as follows:

1. Whereas petitioner seeks leave to proceed in forma pauperis in this matter, but has $184.53 in his prison inmate account, petitioner's request for leave to proceed in forma pauperis is **DENIED**, and this denial will not be reconsidered absent a dramatic change in circumstances.

2. Petitioner must tender a check for $5.00, representing the filing fee, to the Clerk of this Court within thirty (30) days, or else this civil action will be dismissed.

3. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the above-captioned civil action number).

4. Petitioner shall notify this court within thirty (30) days whether he consents to the reclassification of 08-cv-0471 as a 28 U.S.C. §2254 petition, and, that if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2254 form and return it to this court, together, in the same envelope, with the aforesaid check for $5.00.

5. Petitioner is formally placed on notice that if he insists that 08-cv-0471 proceed as a 28 U.S.C. §2241 petition, that 08-cv-0471 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

6. Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, that 08-cv-0471 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

           **S/ J. CURTIS JOYNER**
           **J. CURTIS JOYNER, U.S. District Judge**